IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-41-BO

| | |
|---|---|
| WALTER LEE WHITAKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NASH-ROCKY MOUNT BOARD OF ) <br> EDUCATION d/b/a Nash-Rocky Mount Public ) <br> Schools, ROBIN BODDIE-HAGGINS, ) <br> VICTOR WARD, ) <br> ) <br> Defendants. ) | **ORDER** |

This matter is before the Court on defendant Nash-Rocky Mount Board of Education's ("Board") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [DE 13]. *Pro se* plaintiff responded to that motion and also filed a motion to amend his complaint. [DE 21]. The motions are ripe for adjudication. For the reasons stated herein, defendant's motion to dismiss is GRANTED and plaintiff's motion to amend is DENIED AS FUTILE.

## BACKGROUND

Plaintiff was initially hired by the Board at the beginning of the 2007–08 school year as a probationary teacher to teach language arts at Southern Nash Middle School. *See Whitaker v. Nash-Rocky Mount Bd. of Educ.*, 5:12-CV-623-BO, 2013 WL 5592881 (E.D.N.C. Oct. 10, 2013). Plaintiff's contract was not renewed at the end of the 2008–09 school year and plaintiff petitioned for judicial review of that decision, which was remanded to the Board for reconsideration as the record did not reflect a sufficient basis upon which to predicate non-renewal. *Id.* Plaintiff was ultimately rehired by the Board and placed as a language arts teacher at

Parker Middle School beginning in September 2010. *Id.* Plaintiff was later assigned to that school's corrective reading program, as well as being placed in a co-teaching assignment during the 2011–12 school year. *Id.*

On May 17, 2011, plaintiff filed a Title VII lawsuit against the Board, alleging that the decision to not renew his contract was due to his race. Summary judgment was granted in defendant's favor by this Court and the Fourth Circuit affirmed. *Whitaker v. Nash-Rocky Mount Bd. of Educ.*, 13-1824, 2013 WL 5996734 (4th Cir. Nov. 13, 2013).

On September 24, 2012, plaintiff filed another lawsuit, this time alleging retaliation under Title VII. Plaintiff's retaliation lawsuit was dismissed on the merits by this Court on the grounds that plaintiff failed to establish a *prima facie* case of retaliation. *Whitaker*, 2013 WL 5592881. Plaintiff continues to work as a language arts teacher at Parker Middle School.

Plaintiff initiated this action by filing a *pro se* complaint with the Court on January 28, 2014. Plaintiff alleges that he continues to be subjected to a hostile work environment in retaliation for complaining about a protected civil right under Title VII. Defendant moved to dismiss arguing that plaintiff has failed to state a claim upon which relief can be granted. After the matter was fully briefed, plaintiff filed a motion to amend on May 6, 2014. Defendant argues leave to amend should be denied because the amendment is futile.

## DISCUSSION

I.  MOTION TO DISMISS.

A Rule 12(b)(6) motion challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56

2

(2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

In order to make out a *prima facie* retaliation claim under Title VII, an employee must show that (1) he engaged in protected activity; (2) the employer took an adverse action against him; and (3) there was a causal connection between the protected activity and the asserted adverse employment action. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). In the context of a Title VII claim, the Supreme Court has defined an adverse employment action as one that an objectively reasonable employer would find to be "materially adverse," meaning that it would be sufficient to dissuade a reasonable employee from engaging in the protected activity at issue. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Here plaintiff does not allege any specific adverse employment action, instead relying on the theory of a hostile work environment. In order to state a hostile work environment claim, a plaintiff must allege that (1) he experienced unwelcome harassment; (2) the harassment was based on his gender, race, or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citation omitted). Further, the Fourth Circuit has recognized that a plaintiff

3

attempting to allege a hostile work environment is required to plead supporting facts to survive a motion to dismiss:

> While a plaintiff is not charged with pleading facts sufficient to prove [his] case, as an evidentiary matter, in [his] complaint, a plaintiff *is* required to allege facts that support a claim for relief. The words 'hostile work environment' are not talismanic, for they are but a legal conclusion; it is the alleged facts supporting those words, construed liberally, which are the proper focus at the motion to dismiss stage.

*Id.*

Here, the complaint contains nothing more than conclusory allegations to support plaintiff's claim that he has been subjected to retaliation efforts. Plaintiff does not provide any factual support for his contention that he has been harassed, bullied, defamed, and placed under tortuous working conditions. These are labels and conclusions, not factual allegations. Accordingly, plaintiff's claim is dismissed.

II.    MOTION TO AMEND.

Leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15. It is within the discretion of the court to allow or deny the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the right to amend is not unfettered. "The law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation omitted). A proposed amendment is futile when "it advances a claim or defense that is legally insufficient on its face." *Joyner v. Abbott Labs.*, 674 F. Supp. 185, 190 (E.D.N.C. 1987).

Here, plaintiff's proposed amendments to his complaint do not cure the deficiency set forth *supra* Part I. Plaintiff fails to plead any facts supporting his conclusory assertions of retaliation, harassment, bullying, defamation, and tortuous working conditions. The proposed

4

amendment simply sets forth conclusory statements substantially similar to those in the original complaint. Accordingly, the amendment is futile and is denied as such.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is GRANTED. Plaintiff's motion to amend is DENIED AS FUTILE. Plaintiff's claims are DISMISSED in their entirety. The clerk is directed to close the file.

SO ORDERED.

This the _2_ day of ~~May~~ June, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5